IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )  CRIMINAL NO. 15-CR-30001-DRH-1 |
| | ) |
| DAVID L. BRADFORD, | ) |
| | ) |
| | ) |
| Defendant. | ) |

**ORDER**

**HERNDON, District Judge:**

### I. INTRODUCTION

This matter is before the Court on four pre-trial motions filed by defendant Bradford: (1) Motion to Dismiss (Doc. 57); (2) Motion for Witness List (Doc. 58); (3) Motion to Sever Counts (Doc. 59); (4) Motion to Suppress Evidence (Doc. 60). The government has responded to each motion (Docs 74, 75, 76, and 79). After Bradford's motions were filed, the government filed a superseding indictment as to Bradford (Doc. 67). Accordingly, the government's responsive pleadings and this Order address Bradford's motions in light of the superseding indictment.[1]

As to the **Motion to Suppress Evidence (Doc. 60), the Court finds that an evidentiary hearing is warranted**. Accordingly, the Court will set this matter for

---

[1] Bradford filed a fifth pre-trial motion – Motion to Dismiss Counts I and II (Doc. 56). The superseding indictment rendered this motion moot. Accordingly, the same was denied as moot by the Court (Doc. 72).

an **evidentiary hearing on July 9, 2015 at 9:00 am** in East St. Louis before the undersigned Judge.

As for the remaining motions, the Court addresses each in turn below.

## II. MOTION TO DISMISS (Doc. 57)

On March 4, 2014, the following three individuals were taken into custody for a 24 hour investigative hold: (1) defendant Bradford; (2) co-defendant Beard-Hawkins and (3) Danielle Smith. Law enforcement sought to interview Bradford, Beard-Hawkins, and Smith. Bradford declined to be interviewed and exercised his right to remain silent under the Fifth Amendment and his right not to be interviewed without the presence of legal counsel under the Sixth Amendment. Both Smith and Beard-Hawkins agreed to be interviewed without an attorney present and answered law enforcement's questions. Subsequently, Bradford and Beard-Hawkins, but not Smith, were indicted.

Bradford contends that following the interview process, he "became the focus of the efforts of ATF," and he was ultimately charged with firearms offenses, yet Smith, who Bradford alleges faced many of the same firearm offenses, was not charged, and was utilized in the investigation of Bradford. Bradford asserts the government's prosecution of him, and not Smith, is selective and vindictive. As such, Bradford moves for dismissal of the indictment.

As a preliminary matter, the Court notes "the Supreme Court's decisions have recognized that government prosecutors have a wide discretion over whether, how, and when to bring a case." *U.S. v. Jarrett,* 447 F.3d 520, 525 (7th Cir.

2006). "In the ordinary case, 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file or bring before a grand jury, generally rests entirely in his discretion.' " *U.S. v. Armstrong*, 517 U.S. 456, 464, 116 S.Ct. 1480, 134 L.Ed.2d 687 (1996) (*quoting Bordenkircher*, 434 U.S. at 364.).

In order to sustain a charge of selective prosecution, a defendant must show that (1) he was singled out for prosecution while other violators similarly situated were not prosecuted; and (2) the decision to prosecute him was based on an arbitrary classification such as race, religion, or the exercise of constitutional rights. *U.S. v. Monsoor*, 77 F.3d 1031, 1034 (7th Cir. 1996); Jarrett v. U.S., 822 F.2d 1438, 1443 (7th Cir. 1987).

A defendant challenging an indictment on selective prosecution grounds bears a heavy burden. *Reno v. Am.-Arab Anti-Discrimination Comm.,* 525 U.S. 471, 489 (1999) ("[T]he standard for proving is particularly demanding, requiring a criminal defendant to introduce 'clear evidence' displacing the presumption that a prosecutor has acted lawfully."). The "mere coincidence" that a defendant is indicted subsequent to invoking a constitutional right is insufficient. *Jarrett v. U.S.*, 822 F.2d 1438, 1443 (7th Cir. 1987). Such a coincidence, "standing alone, is not sufficient, absent some showing of improper prosecutorial purpose, to establish a *prima facie* case of selective prosecution." *Id.*

In order to show a vindictive prosecution, Bradford must show he was prosecuted to punish him for exercising a legally protected statutory or constitutional right. *United States v. Goulding*, 26 F.3d 656, 662 (7th Cir. 1994). More specifically, Bradford 'must affirmatively show through objective evidence that the prosecutorial conduct at issue was motivated by some form of prosecutorial animus, such as a personal stake in the outcome of the case or an attempt to seek self-vindication.' " *U.S. v. Jarrett,* 447 F.3d 520, 525 (7th Cir. 2006) (*quoting United States v. Falcon*, 347 F.3d 1000, 1004 (7th Cir. 2003)). Only after a defendant presents "objective evidence of actual vindictiveness does the burden shift to the government to show that the motivation behind the charges was proper." *Id*. (citing *United States v. Bullis*, 77 F.3d 1553, 1559 (7th Cir. 1996)).

"To obtain a hearing on a claim of vindictive or selective prosecution, a defendant must offer sufficient evidence to raise a reasonable doubt that the government acted properly in seeking the indictment." *U.S. v. Monsoor,* 77 F.3d 1031, 1034 (7th Cir. 1996) (internal quotation omitted).

Here, there is simply no evidence, let alone "sufficient evidence to raise a reasonable doubt that the government acted properly in seeking the indictment." Accordingly, a hearing on Bradford's claims is not warranted.

As to Bradford's selective prosecution claim, Bradford has failed to establish a *prima facie* case for selective prosecution. As in *Jarrett,* the exercise of a

Constitutional right, standing alone, is insufficient to establish selective prosecution. As the government notes, Bradford's claim is belied by the fact that the co-defendant, Beard-Hawkins, did *not* exercise her Constitutional rights but *was* prosecuted. Moreover, Bradford has not presented any evidence, let alone "clear evidence" that would displace the presumption that the prosecutor acted lawfully.

Bradford's vindictive prosecution claim fairs no better. The "evidence" offered in support of Bradford's claim is that he exercised his constitutional rights and was prosecuted, and Smith, who chose to talk to law enforcement after the arrest, was not prosecuted. Bradford's unsupported allegation that the federal prosecutor only indicted him because he chose not to be interviewed by law enforcement is not sufficient to raise a colorable claim for vindictive prosecution. *See United States v. Jarrett,* 447 F.3d 520, 525 (7th Cir. 2006); *United States v. Monsoor*, 77 F.3d 1031, 1034 (7th Cir. 1996); *U.S. v. Monsoor,* 77 F.3d 1031, 1034 (7th Cir. 1996)

There is no evidence that the United States Attorney's office sought the indictment for any other reason than because Bradford violated federal criminal laws. In fact, the government has demonstrated a clear and neutral reason for charging Bradford that does not involve any deprivation of his constitutional rights. Thus, Bradford has failed to establish a claim for selective or vindictive prosecution and his motion to dismiss the indictment (Doc. 57) is **DENIED**.

### III.     MOTION FOR WITNESS LIST (Doc. 58)

Bradford requests that the court order the government to provide a list of prospective witnesses. Bradford acknowledges (1) Federal Rule of Criminal Procedure 16 does not give him the right to discover the government's list of prospective witnesses and (2) the United States Constitution does not require such a disclosure. However, Bradford asks the Court to exercise its discretionary power to order the government to provide such a list.

As acknowledged by Bradford, neither the Constitution nor the Federal Rules of Criminal Procedure "require pretrial disclosure of prosecution witnesses." *See United States v. Edwards*, 47 F.3d 841, 843 (7th Cir. 1995)(internal quotations omitted)(stating that "the district court may order such disclosure under appropriate circumstances pursuant to its inherent power … to assure the proper and orderly administration of criminal justice"); *see also United States v. Napue*, 834 F.2d 1311, 1317 (7th Cir. 1987)(stating that "[t]he law is clear … that the Constitution does not require that a defendant in a noncapital case be provided with a list of all prospective government witnesses").

The government indicates it intends to give Bradford the requested information sufficiently in advance of trial for his preparation purposes. In addition, the government notes the instant case is distinguishable from *United States v. Jackson,* 508 F.2d 1001 (7th Cir. 1975) (cited by Bradford) in that (1) the government does not anticipate utilizing a large number of exhibits or calling a

large number of witnesses as the government did in *Jackson* and (2) unlike *Jackson*, witness safety is in issue.[2]

The Court sees no need for court-ordered disclosure of the government's prospective witness list. Bradford has not presented the Court with grounds for exercising its discretionary authority to order such a disclosure. Moreover, the requested disclosure is particularly inappropriate when, as here, the government is legitimately concerned about the safety of its witnesses.

Accordingly, Bradford's motion for an order directing the government to provide its prospective witness list (Doc. 58) is **DENIED**.

### IV.   MOTION TO SEVER (Doc. 59)

**A. Background**

On June 17, 2015, the Grand Jury returned a Superseding Indictment against the defendant and Ms. Beard-Hawkins charging them as follows: Count 1 (Defendant): Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances (cocaine base and marihuana), the conspiracy occurring "[f]rom on or about February 2014, to on or about June 9, 2014;" Count 2 (Defendant): Possession of a Firearm in Furtherance of a Drug Trafficking Crime (the conspiracy charged in Count 1), occurring over the same time period; Count 3 (Beard-Hawkins and the Defendant): Transfer of a Firearm and Ammunition to

---

[2] In the instant case, the government sought a protective order early in the case due to concerns regarding the safety of potential witnesses, and thus, the integrity of the case (Doc. 28). The Court issued a protective order (Doc. 29) and subsequently denied Bradford's motion seeking an order directing the government to reveal the identity of confidential informants.

a Previously Convicted Felon occurring "[b]etween on or about February 22, 2014, and March 6, 2014;" Count 4 (Beard-Hawkins): Unlawful User of a Controlled Substance in Possession of Firearms occurring on or about March 4, 2014; Counts 5 and 6 (Defendant): Distribution of Cocaine Base occurring on or about April 18 and 29, 2014, respectively; Count 7 (Defendant) Possession with Intent to Distribute Marihuana occurring on June 9, 2014; and Count 8 (Defendant): Unlawful Possession of a Firearm by a Previously Convicted Felon occurring on June 9, 2014. Both Defendants are named in the Forfeiture Allegation. The Defendant's motion was filed prior to the return of the Superseding Indictment. Counts 1 and 2 from the Indictment were not carried over to the Superseding Indictment. Counts 1 and 2 in the Superseding Indictment are new charges. Counts 3, 4, 5, 6, 7, and 8 were carried over from the Indictment to the Superseding Indictment, although the order of Counts 3 and 4 in the first Indictment were reversed in the Superseding Indictment.

Bradford's motion seeks an order of the Court severing the trial of the charges contained in Counts 5 and 6 of the [Superseding] Indictment from the remaining counts on the basis of Federal Rule of Criminal Procedure 8(a) or Federal Rule of Criminal Procedure 14. Bradford also takes issue with the joinder of this case with his co-defendant, Beard-Hawkins. Bradford contends his case should be severed from that of Beard-Hawkins for trial, pursuant to Federal Rule of Criminal Procedure 14 and *Bruton v. United States*, 391 U.S. 123 (1968).

The government contends all counts of the superseding indictment are properly joined under Rule 8(a), and Bradford has not established potential prejudice requiring severance of counts for trial under Rule 14. With respect to the motion to sever defendants, the government contends the motion is premature.

### B. Severance of Counts

Bradford is charged with Conspiracy to Distribute and Possess with Intent to Distribute Controlled Substances (cocaine base and marihuana) from February 2014 through June 9, 2014, and with Possession of a Firearm in Furtherance of a Drug Trafficking Crime, that being the conspiracy charged in Count 1, during the same time period. As the government notes, the remaining counts, with the exception of Count 4,[3] are related to the overall drug conspiracy and 924(c) counts and occurred during the time frame of both counts.

The Court finds joinder of these counts is proper under Rule 8(a) because they are of the same or similar character and constitute part of a common scheme. *See* F.R.Crim. P. 8(a). Moreover, Bradford has failed to establish sufficient prejudice warranting severance under Rule 14(a).[4] *See United States v. Nettles*,

---

[3] Count 4 (Beard-Hawkins): Unlawful User of a Controlled Substance in Possession of Firearms occurring on or about March 4, 2014.

[4] Under Rule 14(a), "[i]f the joinder of offenses or defendants ... appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." FED. R.CRIM. P. 14(a). Put another way, Rule 14 allows a district court to sever otherwise properly joined counts when it appears a party may be prejudiced. *See e.g., United States v. Koen*, 982 F.2d 1101, 1112 (7th Cir. 1992). In order to determine whether severance is appropriate, a trial court balances the cost of conducting separate trials against the possible prejudice inherent in a single trial. *United States v. Donaldson*, 978 F.2d 381, 391 (7th Cir. 1992). The court has discretion to grant or deny a motion for severance, but a defendant must show actual

476 F.3d 508, 516 (7th Cir. 2007); *United States v. Stokes*, 211 F.3d 1039, 1042 (7th Cir. 2000); *United States v. Windom*, 19 F.3d 1190 (7th Cir. 1994); *United States v. Moya-Gomez*, 860 F.2d 706, 767 (7th Cir. 1988).

Accordingly, the Court **DENIES** that portion of Bradford's motion seeking to sever Counts 5 and 6 from the remainder of the counts for purposes of trial.

### C. Severance of Defendants

Bradford is seeking to have his case severed from that of co-defendant Beard-Hawkins for trial, pursuant to Fed.R.Crim.P. 14 and *Bruton v. United States*, 391 U.S. 123 (1968). There is no dispute that if Bradford and co-defendant Beard-Hawkins were tried together, a *Bruton* issue would be presented.[5] However, the government opposes the motion to sever, arguing that severance is premature at this point because co-defendant Beard-Hawkins may not proceed to trial, thereby negating any *Bruton* problem.

With respect to the motion to sever the trials of defendants Bradford and Beard-Hawkins, the Court finds that the motion is premature. Accordingly, the Court takes the motion under advisement and defers ruling on the same.

### V. CONCLUSION

---

prejudice from the joinder of offenses to receive such severance. *See United States v. L'Allier*, 838 F.2d 234, 241 (7th Cir. 1988).

[5] Under *Bruton*, admission of a co-defendant's confession inculpating the defendant at a joint trial where the co-defendant does not testify violates the defendant's Sixth Amendment right to confrontation as he is precluded from cross-examination. 391 U.S. at 127–28. Here, co-defendant Beard-Hawkins gave a post-arrest statement implicating Bradford and herself with respect to certain counts. Thus, a joint trial would present a classic *Bruton* scenario.

Bradford has failed to establish a claim for selective or vindictive prosecution and his motion to dismiss the indictment (Doc. 57) is **DENIED**. Bradford's motion for an order directing the government to provide its prospective witness list (Doc. 58) is **DENIED**. As to the motion to sever (Doc. 59) the Court (1) **DENIES** that portion of Bradford's motion seeking to sever Counts 5 and 6 from the remainder of the counts for purposes of trial and (2) **DEFERS** ruling on the motion to sever the trials of Bradford and co-defendant Beard-Hawkins.

**FURTHER**, as to the Motion to Suppress Evidence (Doc. 60), the Court finds that an evidentiary hearing is warranted. Accordingly, the Court will set this matter for an **evidentiary hearing on July 9, 2015 at 9:00 am** in East St. Louis before the undersigned Judge.

**IT IS SO ORDERED.**

Signed this 26th day of June, 2015.

Digitally signed by David R. Herndon
Date: 2015.06.26 14:41:17 -05'00'

**District Judge**
**United States District Court**