IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                             CRIMINAL NO. 15-CR-30001-DRH-1

DAVID L. BRADFORD

        Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    This matter is before the Court on defendant Bradford's Motion to Reconsider Denial of Motion to Suppress Evidence (Doc. 104). The parties are familiar with the background of the case. Accordingly, the Court need not provide an extensive review of the procedural history and facts.

    On May 18, 2015, Bradford moved to suppress all evidence obtained as a result of searches and seizures at his residence in March and June 2014 (Doc. 60). The June 2014 warrant was issued based on ATF Agent Ulery's affidavit. Agent Ulery's affidavit related, among other things, information obtained through the use of CI 8517.

    At the evidentiary hearing on Bradford's Motion to Suppress Evidence, the Court quashed the subpoena requiring CI 8517 to appear and testify. The subpoena was quashed because the Court received information regarding threats

directed at CI 8517 and an attempt that had been made on CI 8517's life. The Court quashed the subpoena noting it never would have issued the subpoena had it been aware of the threats and violence directed against CI 8517. Bradford now seeks reconsideration because he was not permitted to cross-examine CI 8517. Bradford contends CI 8517 is not reliable and the only way to establish CI 8517's lack of reliability was to permit questioning regarding CI 8517's mental condition, truthfulness, criminal history, agreements with law enforcement, and the events that took place on the dates of the two alleged drug transactions between CI 8517 and Bradford. Bradford also indicates that CI 8517's absence from the hearing violated his Sixth Amendment confrontation right.

In *Franks v. Delaware*, 438 U.S. 154, 98 S.Ct. 2674, 57 L.Ed.2d 667 (1978), the Supreme Court ruled that the Fourth Amendment sometimes requires an evidentiary hearing into allegations that an affidavit submitted in support of a warrant contains false statements. Affidavits submitted in support of a warrant are presumed valid. *United States v. Jones*, 208 F.3d 603, 607 (7th Cir. 2000). Thus, to obtain a Franks hearing, a defendant must make a "substantial preliminary showing that a false statement knowingly and intentionally, or with reckless disregard for the truth, was included by the affiant in the warrant affidavit, and [that] the false statement [was] necessary to the finding of probable cause." *Id.* (emphasis omitted, *citing Franks*, 438 U.S. at 155–56, 98 S.Ct. 2674); The substantial showing necessary to obtain a Franks hearing must focus on the state of mind of the *affiant*. *Jones*, 208 F.3d at 608. Allegations that an informant

may have provided false information are irrelevant to determining whether a Franks hearing is required. *Id*.

Thus, in the instant case, to the extent that Bradford was entitled to an evidentiary hearing, the relevant inquiry related to the state of mind of Agent Ulery. That is exactly what Bradford received. Bradford had an opportunity to question Agent Ulery at length regarding his affidavit and the statements contained therein. *See e.g. Jones,* 208 F.3d at 608 (claim that an informant provided inaccurate information does not entitle one to Franks hearing, the relevant inquiry relates to the affiant's state of mind). Bradford does not need to cross examine CI 8517 in order to explore matters pertaining to Agent Ulery's state of mind.

Even assuming CI 8517 provided inaccurate information, there is no indication that such inaccuracies undermined the validity of the June 2014 search warrant. As detailed in the Court's previous order, the ATF independently corroborated information provided by CI 8517. This corroboration included recording and monitoring phone calls and controlled purchases between CI 8517 and Bradford. Additionally, the June 2014 warrant was only partially based on information obtained using CI 8517.

Further, the Court notes Bradford is not alleging that CI 8517 provided false information (or that Agent Ulery knew or recklessly disregarded that CI 8517 was providing false information). Rather, Bradford contends he was entitled to

cross-examine CI 8517 at the hearing on his motion to suppress for purposes of impeachment. Bradford has not cited to any authority, and the Court is not aware of any, requiring questioning of a confidential informant at a hearing on a motion to suppress evidence seized pursuant to a presumptively valid search warrant. As argued by the government, Bradford's desire to impeach CI 8517 is not such a reason. *See Franks v. Delaware,* 438 U.S. 154, 172 98 S.Ct. 2674, 2685 (1978) (to mandate an evidentiary hearing, the defendant's attack must be more than conclusory and must be supported by more than a mere desire to cross-examine).

Finally, there has been no violation of Bradford's Sixth Amendment rights. The right of confrontation does not apply to the same extent at pretrial suppression hearings as it does at trial. *United States v. Boyce*, 797 F.2d 691, 693 (8th Cir.1986). Rather, the Supreme Court has stated that "the right to confrontation is a *trial* right." *Pennsylvania v. Ritchie*, 480 U.S. 39, 52, 107 S.Ct. 989, 999, 94 L.Ed.2d 40 (1987) (emphasis in original). *See also Barber v. Page,* 390 U.S. 719, 725 (1968)( "The right to confrontation is basically a trial right. It includes both the opportunity to cross-examine and the occasion for the jury to weigh the demeanor of the witness."); *United States v. Sasson*, 62 F.3d 874, 881 (7th Cir. 1995) (noting that the Supreme Court "has made it clear" that "the right to confrontation is a *trial* right" and does not apply to pretrial discovery matters) (citations omitted). Thus, there is no confrontation clause violation when the government fails to produce an informant, whose out-of-court statement was used

to establish probable cause for arrest. *McCray v. Illinois,* 386 U.S. 300, 313-14 (1967).  Indeed, the government did not even have a duty to reveal the identity of CI 8517 at the suppression hearing. *United States v. Malsom*, 779 F.2d 1228, 1236 n.9 (7th Cir. 1985) (noting that law enforcement have no duty to reveal the identity of an unnamed informant at a suppression hearing) (*citing McCray*, 386 U.S. at 311).

Accordingly, for the reasons described herein, Bradford's motion for reconsideration is **DENIED**.

**IT IS SO ORDERED.**

Signed this 22nd day of January, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.01.22 16:26:53 -06'00'

**United States District Judge**