IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                                                    CRIMINAL NO. 15-CR-30001-DRH-1

DAVID L. BRADFORD

        Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

    This matter is before the Court on the government's motion for a Supplemental Protective Order Relating to Discovery and Jencks Act Materials and for Corrective Action (Doc. 168). For the reasons discussed herein, the motion is **DENIED**.

    On February 2, 2015, the United States filed a Motion for Protective Order Relating to Discovery and Jencks Act Materials (Doc. 28). The motion was filed before any Rule 16 (F. R. Crim. P. 16) and Jencks Act (18 U.S.C. §3500) materials were disseminated to defense counsel. The motion explained that the discovery and Jencks Act materials contained sensitive information including the names and identities of witnesses and confidential informants. The government further maintained that redaction was not a sufficient means of protecting the witnesses and confidential informants. Additionally, the government stated that

public dissemination of the material could jeopardize the safety of these individuals and could impair the integrity of the case and the ongoing investigation.

The Court concluded the government set forth good cause for imposing restrictions on the dissemination of discovery materials and on the filing of information identifying witnesses and confidential informants (Doc. 28). Accordingly, the Court granted the motion and entered the following protective order:[1]

> Good cause having been established, the following protective order is hereby entered with respect to Rule 16 and Jencks Act materials:
>
> (a) That Rule 16 and Jencks Act materials, and any copies of the materials, be maintained in the sole custody and care of counsel for the defense, including counsel's office personnel; and
>
> (b) That any pleadings or other filings not use the names of potential witnesses or confidential informants.

(Doc. 30).

On January 26, 2016, the government filed a Notice asserting the protective order had been violated (Doc. 143). The Notice maintained that Bradford's counsel at the time, Dan Schatnik,[2] and a law clerk working for Mr. Shatnik, provided detailed summaries of discovery to Bradford, which included the names of witnesses and three confidential informants. A portion of these summaries

---

[1] The protective Order adopted, word for word, the language proposed by the government.
[2] Mr. Shattnik withdrew as counsel of record for Bradford as a result of the government's Notice and the Court's subsequent Show Cause Order. Bradford is now represented by Eugene Howard.

were evidently sent to another individual by Bradford. Thereafter, the Court entered a Show Cause Order, directing Bradford and Mr. Shatnik to show cause why they should not be held in contempt of the Protective Order (Doc. 145).

The matter was referred to Magistrate Judge Steven Williams (Doc. 148). The involved parties filed briefing on the issue and Magistrate Williams conducted a hearing (Docs 159-160, 164, 165). After the hearing, Magistrate Williams issued a Report and Recommendation recommending the undersigned find that the protective order was not violated (Doc. 171). The time for objecting to the Report and Recommendation has not yet expired. Accordingly, the matter is still under consideration.

In responding to the Show Cause Order, Mr. Shattnik maintained that he did not read the Protective Order as prohibiting him from providing Bradford with a detailed summary of the Rule 16 and Jencks Act materials.[3] At the hearing, Mr. Shattnik, through counsel, argued he did not violate the specific terms of the

---

[3] The Report and Recommendation states, with respect to the disputed conduct, the facts are as follows:

> During the course of Mr. Schattnik's representation of Mr. Bradford, Mr. Shattnik and a law student clerk traveled to meet with Mr. Bradford and allowed him to view the Rule 16 and Jencks Act materials (hereinafter "discovery materials"). The discovery materials were kept in the possession of Mr. Schattnik or the law student and were never left with Mr. Bradford. Additionally, Mr. Schattnik provided Mr. Bradford with a detailed summary of the discovery materials, which included the names of witnesses and identified at least three individuals that were confidential informants. One such summary is in the record at Doc. 143-3. The summary in question is labeled "NOTICE: THIS DOCUMENT IS ATTORNEY WORK PRODUCT IN THE CASE US V BRADFORD." This particular document summarizes 336 pages of discovery materials in 9 pages. The summary identifies confidential informants by name and numbers, and in some places by street address. That summary managed to make its way in some manner to an individual outside of the jail.

(Doc. 171, p. 4).

Protective Order and insisted that his practice of providing clients with detailed summaries of discovery materials (including the names of confidential informants and potential witnesses) is necessary in the course of zealous representation.

Bradford, represented by newly appointed counsel, also maintained the Protective Order was not violated. Additionally, Bradford contended he was not prohibited from disseminating Shattnik's summary of discovery materials to others because he was allowed to retain a copy of the summary under the terms of the Protective Order.

The position taken by Mr. Shattnik and Bradford's present counsel prompted the subject motion. "The government submits that given the stated positions of prior defense counsel and current defense counsel, the government can no longer proceed [in the spirit of an open file policy] without a supplemental protective order spelling out what the government understood to be the Court's clear intent in issuing the initial protective Order." (Doc. 168 p. 9). The government asks the Court to enter a supplemental protective order to address "the ongoing, and now heightened, concern for the safety of potential witnesses, and the integrity of the truth-finding process going forward." (Doc. 168 p. 11). The government further requests that the Court order Bradford to turn over prior counsel's summary of Rule 16 and Jencks Act materials, including any copies of the same in his possession, to counsel, for counsel to maintain in his sole care and custody ) (Doc. 168 p. 12).

The government does not provide the Court with any specific language with regard to fashioning a new protective order. The briefing, as well as Judge Williams' Report and Recommendation, indicates the government expects the Court to craft a protective order that would prohibit defense counsel from providing Bradford with written,[4] overly detailed summaries[5] that contain the names of witnesses or confidential informants.

Bradford is opposed to any supplemental protective order that would prohibit defense counsel from providing Defendant with any written summary of the evidence or counsel's view of the evidence as it relates to the burden of proof and elements of the alleged offenses. Bradford's counsel emphasizes he has a duty to communicate with Bradford and to provide him with information sufficient to allow Bradford to make informed decisions and assist in his own defense. Bradford's counsel further submits that written summaries are an integral and vital part of this process and that "prohibiting defense counsel from providing anything more than a vague summary of the evidence" does not allow counsel to fulfill his ethical duties and does not allow Bradford to effectively participate in his own defense.

Having reviewed the Report and Recommendation and the related briefing, it seems quite unlikely that the Court could fashion a protective order that would protect Bradford's right to effective counsel, prevent Bradford from continuing to

---

[4] The government has indicated that oral recitations would be acceptable.
[5] The government has indicated that a vague summary would be acceptable.

expose himself to additional criminal charges, and satisfy the government and the public that witnesses and the public are not in danger.

Therefore, the motion for a supplemental protective order is **DENIED**. **FURTHER**, the Court **ORDERS** as follows:

The court directs each side in this case to follow the criminal practice rules to the letter and spirit of the law, leaving aside the obvious advantages to early discovery that require an understanding and agreement of what one must do to gain those advantages.

The Court **VACATES** its prior authorization for disclosure of grand jury transcripts until the relevant witnesses have testified at trial (Doc. 114).

**FURTHER**, counsel need not return prior disclosed copies but any new grand jury testimony will not be disclosed until required by rule.

**FURTHER,** the Court **DENIES** the government's request to direct Bradford to turn over prior counsel's summary of Rule 16 and Jencks Act materials.

**IT IS SO ORDERED.**

Signed this 25th day of March, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.03.25 12:42:29 -05'00'

**United States District Judge**