IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

   Plaintiff,

vs.             CRIMINAL NO. 15-CR-30001-DRH-1

DAVID L. BRADFORD

   Defendant.

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

### INTRODUCTION

This matter comes before the Court on a Report and Recommendation ("the Report") (Doc. 171). The Report recommends as follows: (1) the Court find the protective order was NOT violated and (2) the district judge NOT initiate criminal contempt proceedings, find any party in civil contempt, or impose sanctions of any kind. Based on the following, the Court **ADOPTS** the Report in its entirety.

### BACKGROUND

On February 2, 2015, the United States filed a Motion for Protective Order Relating to Discovery and Jencks Act Materials (Doc. 28). The motion was filed before any Rule 16 (F. R. Crim. P. 16) and Jencks Act (18 U.S.C. §3500) materials were disseminated to defense counsel. The motion explained that the discovery and Jencks Act materials contained sensitive information including the

names and identities of witnesses and confidential informants. The government further maintained that redaction was not a sufficient means of protecting the witnesses and confidential informants. Additionally, the government stated public dissemination of the material could jeopardize the safety of these individuals and could impair the integrity of the case and the ongoing investigation.

The Court concluded the government set forth good cause for imposing restrictions on the dissemination of discovery materials and on the filing of information identifying witnesses and confidential informants (Doc. 28). Accordingly, the Court granted the motion and entered the following protective order:[1]

> Good cause having been established, the following protective order is hereby entered with respect to Rule 16 and Jencks Act materials:
>
> > (a) That Rule 16 and Jencks Act materials, and any copies of the materials, be maintained in the sole custody and care of counsel for the defense, including counsel's office personnel; and
> >
> > (b) That any pleadings or other filings not use the names of potential witnesses or confidential informants.

(Doc. 30).

On January 26, 2016, the government filed a Notice asserting the protective order had been violated (Doc. 143). The Notice maintained that Mr. Bradford's

---

[1] The protective Order adopted, word for word, the language proposed by the government.

counsel at the time, Dan Schattnik,[2] and a law clerk working for Mr. Schattnik, provided detailed summaries of discovery to Mr. Bradford, which included the names of witnesses and three confidential informants. A portion of these summaries were evidently sent to another individual by Mr. Bradford. Thereafter, the Court entered a Show Cause Order, directing Mr. Bradford and Mr. Schattnik to show cause why they should not be held in contempt of the Protective Order (Doc. 145).[3]

The matter was referred to Magistrate Judge Steven Williams (Doc. 148). The involved parties filed briefing on the issue and Magistrate Williams conducted a hearing (Docs 159-160, 164, 165). After the hearing, Magistrate Williams issued the Report. The Report finds, with respect to the disputed conduct, the facts are as follows:

> During the course of Mr. Schattnik's representation of Mr. Bradford, Mr. Schattnik and a law student clerk traveled to meet with Mr. Bradford and allowed him to view the Rule 16 and Jencks Act materials (hereinafter "discovery materials"). The discovery materials were kept in the possession of Mr. Schattnik or the law student and were never left with Mr. Bradford. Additionally, Mr. Schattnik provided Mr. Bradford with a detailed summary of the discovery materials, which included the names of witnesses and identified at least three individuals that were confidential informants. One such summary is in the record at Doc. 143-3. The summary in question is labeled "NOTICE: THIS DOCUMENT IS ATTORNEY WORK

---

[2] Mr. Schattnik withdrew as counsel of record for Mr. Bradford as a result of the government's Notice and the Court's subsequent Show Cause Order. Mr. Bradford is now represented by Eugene Howard.

[3] The Show Cause Order was also directed at the law student. However, the evidence does not indicate and the government does not contend that the law student took any action in violation of the order (Doc. 171 p. 6 n.1). Accordingly, the Court does not further address the law student's conduct here.

> PRODUCT IN THE CASE US V BRADFORD." This particular document summarizes 336 pages of discovery materials in 9 pages. The summary identifies confidential informants by name and numbers, and in some places by street address. That summary managed to make its way in some manner to an individual outside of the jail.

(Doc. 171, p. 4).

Although Mr. Schattnik provided Mr. Bradford with detailed summaries of discovery and Jencks Act materials, Judge Williams concluded Mr. Schattnik did not violate either of the express directives in the protective order. In reaching this conclusion, Judge Williams explained how the government's proposed interpretation of the protective order was untenable. Of specific significance, is Judge Williams finding that, in order to conclude Mr. Schattnik violated the protective order, the Court would have to find the protective order contained an "additional implied unambiguous command…that prohibited counsel from providing defendant, in writing, an overly detailed summary of the discovery." (Doc. 171 p. 7). Additionally, the Court would have to find there was an "implied unambiguous command that prohibited defense counsel from mentioning the names of confidential informants in any written correspondence with Defendant." (Doc. 171 p. 7).

The government objects to this analysis and insists the protective order was violated (Doc. 178).[4] The government contends "that providing the Defendant a

---

[4] The government has no objection to the recommendation that the Court not initiate criminal contempt proceedings. The government suggests that civil contempt proceedings as to Mr.

*detailed summary* of the materials, and *identifying those witnesses and CI's who provided the summarized information*, is the functional equivalent of failing to do what the protective order explicitly commanded – maintaining sole custody and care of Rule 16 and Jencks Act Materials." (Doc. 178 p. 3) (emphasis supplied).

## ANALYSIS

The subject protective order directed Mr. Shattnik to (1) maintain discovery in his possession and (2) refrain from using the names of any potential witnesses or confidential informants in court filings. Despite the government's arguments to the contrary, Mr. Shattnik's conduct did not violate either of these express directives.

As detailed in the Report, the government admits orally identifying the confidential informants would not constitute a violation of the protective order and providing a less detailed written summary would not constitute a violation of the protective order. It is this aspect of the government's position that is the most troubling to the Court. If the Court were to adopt the government's interpretation of the protective order, the enforcement decision would be premised, in part, on assessing whether a written disclosure contained too much detail. How can the Court enforce a mandate that allows counsel to provide just enough but not too much detail? If the Court struggles with how to enforce the order, then certainly

---

Bradford might be appropriate and would best be addressed following plea or trial of the criminal case. As to Mr. Schattnik, the government states it defers to the Court's discretion with regard to sanctions or corrective action.

counsel cannot determine how to comply with the order. Moreover, the Court finds, as Judge Williams did, that in order to conclude Mr. Schattnik's conduct violated the protective order, the Court would have to "add implied commands to the protective order for the purpose of better accomplishing what [the government] believes was the intent of the protective order." (Doc. 171 p. 10). The Court will not sanction Mr. Schattnik for failing to comply with implied directives.

In the instant case, the objectives of the parties are not in question: The government's objective was to protect confidential informants and potential witnesses from harm. Mr. Schattnik's objective was to aid Mr. Bradford in assisting in his own defense, without running afoul of the protective order. Mr. Schattnik, by rephrasing critical parts of discovery the government sought to keep confidential, may have been on the verge of violating the protective order. However, for the reasons detailed in the Report, his conduct did not violate the either of the express directives in the protective order and the Court ascribes no ill motive to Mr. Schattnik's conduct.

Accordingly, the Court adopts Judge Williams' Report and Recommendation, in full and over the objections of the government. The Court finds that the protective order was **NOT** violated. Further, the Court **DECLINES**

to initiate criminal contempt proceedings, to find any party in civil contempt, or to impose sanctions of any kind.

**IT IS SO ORDERED.**

Signed this 13th day of April, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.04.13 04:56:29 -05'00'

**United States District Judge**