IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

UNITED STATES OF AMERICA,

        Plaintiff,

vs.                                       CRIMINAL NO. 15-CR-30001-DRH-1

DAVID L. BRADFORD

        Defendant.

## ORDER

**HERNDON, District Judge:**

This matter is before the Court on defendant David Bradford's motion in limine seeking a pre-trial order prohibiting the government from introducing evidence at trial suggesting that the firearms seized in this case were involved in other crimes or that Bradford "directed" others to use the firearms in any way (Doc. 209). The government has responded (Doc. 217). For the reasons stated herein, the motion is **DENIED** in part and **GRANTED** in part.

Count I of the Second Superseding Indictment charges Bradford with conspiracy to distribute and possess with intent to distribute controlled substances. The government states it intends to introduce relevant evidence directly related to the conspiracy charge and other charged crimes (including the possession of firearms as charged in Count 2). The government states the subject evidence will establish that the defendant was engaged in a conspiracy to

distribute crack cocaine and marihuana. In furtherance of the conspiracy, the defendant possessed firearms for protection and intimidation. He also sought and traded firearms, and loaned them to others involved in criminal activity, all of which he was prohibited from doing as a convicted felon. The government goes on to outline specific evidence that it anticipates will be introduced at trial.

As outlined in the government's response, the evidence discussed is relevant evidence directly related to the charges in the Second Superseding Indictment. Specifically, the anticipated evidence outlined by the government is directly related to the drug conspiracy charge because it demonstrates how Bradford allegedly conducted his "business." *See United States v. Adams*, 628 F.3d 407, 414 (7th Cir. 2010) (evidence directly pertaining to defendant's role in a charged conspiracy is not excluded by Rule 404(b)); *United States v. Thompson*, 286 F.3d 950, 969 (7th Cir. 2002), *cert. denied*, 537 U.S. 134 (2003) (affirming admission of several non-fatal shootings and a kidnapping committed by drug distribution co-conspirators, stating that "[t]his kind of evidence is intricately related to the drug conspiracy charge because it shows how the conspiracy conducted its 'business.'"); *United States v. Neeley*, 189 F.3d 670, 682 (7th Cir. 1999) (affirming admission of evidence of other crimes/bad acts because it was relevant to demonstrate the nature of the charged conspiracy). The Court further finds that the subject evidence is not unduly prejudicial.

As such, to the extent that Bradford's motion goes to relevant evidence directly related to the charges in the Second Superseding Indictment, it is

**DENIED.** However, to the extent that the evidence goes to conduct that is not relevant to the charges in the Second Superseding Indictment it is **GRANTED.**

**IT IS SO ORDERED.**

Signed this 25th day of July, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.07.25 16:18:14 -05'00'

**United States District Judge**